**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CHRISTINE YI,** | **COMPLAINT WITH JURY DEMAND** |
| **Plaintiff,** | |
| **-against-** | **Case No.** |
| **VIEWPOINT INTERNATIONAL, INC., TOMMY BAHAMA, VIEWPOINT INTERNATIONAL D/B/A TOMMY BAHAMA, AND TOMMY BAHAMA GROUP, INC.,** | |
| **Defendants.** | |

Plaintiff, Christine Yi, by her attorneys, Tuckner, Sipser, Weinstock & Sipser, LLP**,** complains as follows:

## NATURE OF THE CASE

1.   This is an action arising under The Americans with Disabilities Act of 1990, *42 U.S.C. §§12101 et seq.*, ("ADA"), The Family and Medical Leave Act, *29 U.S.C. §§2601 et seq.*, ("FMLA"), the anti-discrimination laws of the State of New York and the City of New York seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff Christine Yi has suffered as a result of being discriminated against by Defendants, her former employer, based on her disability and perceived disability and in violation of the FMLA as well as the New York Executive Law *§§296 et al., the* New York City Administrative Code *§§8-101 et al.* and for retaliation for the invocation of her protected activities under all of the above-mentioned statutes.

1

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to *42 U.S.C. §§2000e et seq.*; *28 U.S.C.*
*§1331, §1343* and pendent jurisdiction under state and local statutes thereto.


3.      Venue is proper in the Southern District of New York based upon Plaintiff's
employment with Defendants in the county of New York.


**PARTIES**

4.      Plaintiff Christine Yi (hereinafter also described as "Plaintiff") is a female citizen
of the United States and was a resident of the State of New York during the relevant
time period.  Plaintiff was employed by Defendants in its Manhattan location.


5.      Defendant Viewpoint International, Inc., is an "employer" as defined in *42 U.S.C.*
*§2000e(b)* for the jurisdictional purposes of this lawsuit, as it employs more than 50
persons and is engaged in an industry affecting commerce.  Both Plaintiff and
Defendant meet all of the requisite statutory requirements of the FMLA.


6.      Defendant Tommy Bahama is an "employer" as defined in *42 U.S.C. §2000e(b)*
for the jurisdictional purposes of this lawsuit, as it employs more than 50 persons and is
engaged in an industry affecting commerce.  Both Plaintiff and Defendant meet all of the
requisite statutory requirements of the FMLA.


7.      Defendant Viewpoint International d/b/a Tommy Bahama is an "employer" as
defined in *42 U.S.C. §2000e(b)* for the jurisdictional purposes of this lawsuit, as it

employs more than 50 persons and is engaged in an industry affecting commerce.  Both Plaintiff and Defendant meet all of the requisite statutory requirements of the FMLA.

8.      Defendant Tommy Bahama Group, Inc., is an "employer" as defined in *42 U.S.C. §2000e(b)* for the jurisdictional purposes of this lawsuit, as it employs more than 50 persons and is engaged in an industry affecting commerce.  Both Plaintiff and Defendant meet all of the requisite statutory requirements of the FMLA.

## PROCEDURAL PREREQUISITES

9.      Plaintiff received a Notice of Suit Rights from the EEOC dated January 25, 2005 with respect to the charges of discrimination filed against Defendants, entitling her to commence a civil action under the Americans with Disabilities Act within 90 days of the receipt of the notice (Notice of Suit Rights attached as "Exhibit A").

## MATERIAL FACTS

10.      Plaintiff commenced her employment as a Licensing Assistant with Defendants in or about November 2002.

11.      Plaintiff performed all of her duties in an exemplary fashion and maintained a commendable time and attendance record.

12.      On or about March 13, 2003, while traveling with a co-worker, Plaintiff sustained severe injuries while exiting a New York City subway car.  Plaintiff fell onto the subway tracks whereupon, among other injuries, her right leg was crushed by a moving train.

3

13.     As a result of the accident on or about March 13, 2003, Plaintiff sustained

serious bodily injuries necessitating the amputation of her right leg below the knee.

Additionally, Plaintiff required extensive skin grafting, which prolonged her recovery

significantly.


14.     Defendants were immediately notified of Plaintiff's injuries by Plaintiff's  co-

worker with whom she was traveling on the date of the accident.


15.     Plaintiff was hospitalized from on or about March 13, 2003 until on or about April

17, 2003.


16.     On or about May 5, 2003, Plaintiff returned to work on a full time basis.


17.     In or about September 2003, Plaintiff was advised by her physician that

surgery on the residual limb of her right leg was again medically required.


18.     Plaintiff immediately notified her supervisor Gail Vasquez and Defendants's

Human Resources Department that she required a brief disability leave with respect to

this surgery that was scheduled for on or about January 2004.

19.     In lieu of accommodating Plaintiff, Ms. Vasquez, the Director of Licensing as well

as Plaintiff's supervisor, again requested that Plaintiff reschedule her surgery given the

ostensible seasonal upsurge in Defendants' sales during the month of January.

4

20.    Notwithstanding Ms. Vasquez' untenable and unreasonable request, Plaintiff proceeded with the surgical intervention as directed by her physician, who estimated the convalescence and recovery period at ten to fourteen days.  Plaintiff submitted a request for leave in accordance with Defendants' procedures.

21.    On or about January 12, 2004, Plaintiff underwent surgery on the remainder of her leg after which she remained hospitalized for three days.

22.    Plaintiff suffered unforeseeable complications after surgery and was unable to return to work within the anticipated time frame.

23.     Plaintiff's physician advised her not to return to work until she made greater progress in recovering from the surgery.  Additionally, Plaintiff was ordered to keep her leg elevated above her head as much as possible to promote the healing process.

24.     On or about January 21, 2004, Plaintiff informed Ms. Vasquez that she was in extreme pain and as a result, was incapable of returning to work at that time.

25.    On or about January 23, 2004, Ms. Vasquez and Plaintiff agreed to discuss Plaintiff's medical condition on a weekly basis.

26.    On or about January 29, 2004, Plaintiff left a message for Ms. Vasquez and

informed her that she was still in severe pain and was unable to return to work at that time.

27.    On or about January 30, 2004, Plaintiff received a call from Colleen Lawson, an Employee Relations Manager in Defendants' Human Resources Department.  Ms. Lawson referred to a letter sent to Plaintiff in or about November 2003, which incorrectly declared that Plaintiff had exhausted her twelve-week allotment of medical leave under the FMLA.

28.    Ms. Lawson informed Plaintiff that if she did not report to work on Monday, February 2, 2004, she would be replaced.  Plaintiff asked Ms. Lawson if she was being fired.  Ms. Lawson replied that Defendants was in fact prepared to replace her as indicated.

29.    Ms. Lawson suggested that Plaintiff could reapply for employment once she fully recovered.  Plaintiff advised Ms. Lawson that she did not understand the reason for this threatened termination as she had not yet taken all of her twelve week entitlement of medical leave.

30.    On or about January 30, 2004, Ms. Lawson telephoned Plaintiff once again and confirmed that Plaintiff had in fact *not* exhausted her twelve-week allotment of medical leave time provided for under the FMLA.  Therefore, she indicated that at this time, Plaintiff would not be terminated.

31.     Plaintiff continued to experience complications associated with the accident and subsequent surgery.  She continued to telephone Defendants with respect to her medical condition updates and requested a reasonable accommodation in the form of a brief additional leave time to enable her complete convalescence.

32.     On or about February 16, 2004, Ms. Vasquez telephoned Plaintiff to inform her that she was terminated.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA

33.     The Americans with Disabilities Act of 1990, *42 U.S.C. §12112* (a) provides that it shall be an unlawful employment practice for an employer:

> "(a) to...discriminate against a qualified individual with a disability because of the disability of such individual in regard to...discharge of employees...and other terms, conditions, and privileges of employment."

34.     Defendants engaged in an unlawful employment practice prohibited by *42 U.S.C. §12112(a)* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her disability and/or perceived disability.

## AS A SECOND CAUSE OF ACTION FOR
## DISCRIMINATION UNDER THE FMLA

35.     The Family and Medical Leave Act of 1993, 29 U.S.C. §2615 (a) provides that it shall be unlawful for an employer:

> "(a) to interfere with, restrain, or deny the exercise of or the
> attempt to exercise, any right provided under this title."

36.    Defendants willfully interfered with and denied Plaintiff's exercise of her rights

under this title, *29 U.S.C. 2601 et seq.*, when Defendants discriminated and retaliated

against her by terminating her employment because she had taken medical leave

protected by and provided for under the FMLA.

## AS THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

37.    New York State Executive Law *§ 296(1)(a)* provides that it shall be an unlawful

discriminatory practice:

> "For an employer . . . because of . . . disability . . . of any
> individual . . . to discharge from employment such individual
> or to discriminate against such individual in...terms,
> conditions or privileges of employment."

38.    Defendants engaged in an unlawful discriminatory practice by discriminating

against Plaintiff because of her disability and/or perceived disability.

## AS A FOURTH CAUSE OF ACTION FOR
## DISCRIMINATION UNDER NEW YORK CITY LAW

39.    The New York City Administrative Code *Title 8, § 8-107(1)(a)* provides that it

shall be an unlawful discriminatory practice:

> "For an employer . . . because of . . . actual or perceived
> disability...of any person . . . to . . . discharge from
> employment such person or to discriminate against such
> person...in terms, conditions or privileges of employment."

40.    Defendants engaged in an unlawful discriminatory practice in violation of New

York City Administrative Code *Title 8, §8-107(1)(a)* by discharging and otherwise

8

discriminating against the Plaintiff because of her disability and or perceived disability.

## INJURY AND DAMAGES

41.    As a result of the Defendants' unlawful discrimination, Plaintiff Yi has suffered loss of income, injury to her reputation and pain and suffering in the form of severe mental and emotional distress.

## REMEDY

WHEREFORE, Plaintiff requests a judgment against the Defendants:

A.    Declaring that Defendants engaged in an unlawful employment practice prohibited by The Americans with Disabilities Act of 1990, *42 U.S.C. §§12101 et seq.*, The Family and Medical Leave Act, *29 U.S.C. §§2601 et seq.*, the New York State Executive Law *§§296 et seq.* and the New York City Administrative Code *Title 8 §§8-107 et seq.*, by discriminating against and terminating Plaintiff;

B.    Reinstating Plaintiff to her former job and/or awarding future income to the Plaintiff in an amount to be proven representing loss of future earnings, including reasonable and expected increases, loss of retirement income and all other benefits she would have expected to earn during her entire lifetime had it not been for Defendants' unlawful discharge of her employment;

C.    Awarding damages to the Plaintiff for back pay and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven at trial;

E.      Awarding Plaintiff liquidated damages under the FMLA in an amount equal to the sum of her total damages with interest;

F.      Awarding Plaintiff punitive damages;

G.      Awarding Plaintiff attorneys' fees, costs and expenses incurred in the prosecution of the action;

H.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.


**JURY DEMAND**

Plaintiff demands a trial by jury.


Dated:   New York, New York
          April 21, 2005


                              TUCKNER, SIPSER, WEINSTOCK & SIPSER, LLP


                              By:_____
                                    William J. Sipser (WS1781)
                                    120 Broadway, 18th Floor
                                    New York, New York 10271
                                    (212) 766-9100